UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RIVERKEEPER, INC.
       Plaintiff,

v.

STATE CONTRACTING CORP. OF NY (d/b/a CAPITAL INDUSTRIES CORP.); and GEORGE MCGUIRE
       Defendants.

Case No. 22-cv-6911

---

## MOTION FOR ENTRY OF CONSENT DECREE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff Riverkeeper, Inc., with the consent of Defendants State Contracting Corp. of NY (d/b/a Capital Industries Corp.) and George McGuire (collectively, the "Parties"), respectfully move the Court to enter the attached proposed consent decree.

On October 3, 2023, Plaintiff notified the Court that the parties had agreed to a settlement of this case. ECF 28. The parties lodged a proposed consent decree with the Court and asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, to allow the United States to review the proposed consent decree. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b). ECF 28. On October 3, 2023, the Court granted the stay. ECF 29. For the Court's convenience, a copy of the proposed consent decree is also submitted herewith.

On October 3, 2023, counsel for Plaintiff provided copies of the fully executed proposed consent decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On November 18, 2023, DOJ filed a letter notifying the Court that "the United States has reviewed the proposed consent decree between plaintiff and

1

defendants and does not object to its entry by the Court." ECF 30.  Thus, the parties have complied with the CWA's procedural requirements.

Settlements further public policy and serve judicial economy through informal resolution of disputes, allowing the Parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless* , 609 F.3d 590, 595 (3d Cir. 2010). The Second Circuit has a "strong judicial policy in favor of settlements." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)).  Before entering a consent decree, a district court in the Second Circuit must find that the consent decree:

> (1) springs from and serves to resolve a dispute within the court's subject-matter jurisdiction; (2) comes within the general scope of the case made by the pleadings; and (3) furthers the objectives of the law upon which the complaint was based.

*Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (*quoting Local No. 93 Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)) (cleaned up); see also *Riverkeeper, Inc. v. MLV Concrete Inc.*, No. 14-CV-3762 (LDH) (PK), 2017 U.S. Dist. LEXIS 99561, at *6-8 (E.D.N.Y. June 26, 2017) (applying the standard to a proposed consent decree arising under the CWA), adopted 2017 U.S. Dist. LEXIS 116210 (July 25, 2017).  Specifically, in the context of the CWA, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Ultimately, a district court examining a settlement agreement proposed to resolve a citizen suit under the Clean Water Act, "should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In its complaint, Plaintiff alleged that Defendants were violating the CWA by discharging polluted stormwater from their vehicle and equipment maintenance and storage facility into waters of the United States, including the Saw Mill River, without authorization under a valid permit. ECF 1 ¶¶1-2. Accordingly, the proposed consent decree springs from and serves to resolve a dispute within the court's subject matter jurisdiction conferred by 28 U.S.C. § 1331 (federal question) and 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction) and satisfies the first prong under *Kozlowski*. *Kozlowski,* 871 F.2d at 244.

The proposed consent decree requires Defendants to come into compliance with the CWA by seeking and maintaining coverage under New York State's General Permit for Stormwater Discharges Associated with Industrial Activity ("General Permit") and implementing a Stormwater Pollution Prevention Plan ("SWPPP") that details new protective measures, monitoring, and reporting requirements. *See* Proposed Consent Decree ¶¶ 14–17.

In addition, Defendants are required to pay an Environmental Benefit Payment in the amount of $10,000 to the Center for the Urban River at Beczak, a 501(c)(3) nonprofit, for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater pollution or environmental restoration of, or other benefit to, the Saw Mill River or Hudson River watersheds. No portion of this payment will be distributed to any Party.

There is no ongoing dispute between the Parties and the settlement is the result of extensive, arms-length negotiations between the Parties. Having worked in good faith to reach this agreement, the Parties contend the terms are fair, reasonable, and adequate. By requiring Defendant to take the actions outlined above, the proposed consent decree remedies the specific statutory violations alleged in the complaint and ensures that Defendant will remain in compliance with its permit and the Clean Water Act moving forward, and therefore satisfies the

second and third prongs under *Kozlowski*. *Kozlowski*, 871 F.2d at 244. As evidenced by DOJ's review and approval, the agreement is in accordance with public policy. The Court should enter the proposed consent decree and resolve this dispute because doing so will further the CWA's aim of protecting the health of our nation's waterways while avoiding the cost of further litigation.

The Parties note that "[c]ourts retain the inherent power to enforce agreements entered into a settlement of litigation pending before them." *United States v. Bd. Of Cty. Comm'rs*, 937 F.3d 679, 688 (6th Cir. 2019) (quotations omitted); *see also Pigford v. Vilsack*, 777 F.3d 509, 514 (D.C. Cir. 2015) (It is a "well-established principle… that a district court retains jurisdiction under federal law to enforce its consent decrees") (quotations omitted); *Roberson v. Giuliani*, 346 F.3d 75, 83 (2d Cir. 2003) ("Consent decrees are enforceable in federal court because they are orders of the court"). Courts have routinely affirmed a district court's retention of jurisdiction over consent decrees entered to resolve disputes arising from the CWA. *See, e.g., United States v. Bd. Of Cty. Comm'rs*, 937 F.3d 679, 688 (6th Cir. 2019); *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 131 (3d Cir. 2016); *United States v. Krilich*, 303 F.3d 784, 786 (7th Cir. 2002). District courts in the Second Circuit have also retained jurisdiction to enforce the terms of and resolve disputes arising from CWA consent decrees. *See, e.g., Riverkeeper, Inc. v. Brooklyn Ready Mix Concrete, LLC*, 2016 U.S. Dist. LEXIS 108357, at *2-3 (E.D.N.Y. 2016).

For the reasons stated above, Plaintiff respectfully moves the Court to enter the attached proposed consent decree by signing on page 16 and then e-filing the so-ordered consent decree.

Respectfully submitted this 20th day of November, 2023.

                                                    /s/ *Julia Muench*
                                                    Julia Muench
                                                    Super Law Group, LLC
                                                    222 Broadway, 22nd Floor
                                                    New York, NY 10038
                                                    212-242-2355
                                                    julia@superlawgroup.com
                                                    *Attorneys for Plaintiff*